# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO FUNTANILLA, JR., | CASE NO. 1:10-CV-01624-DLB PC |
| Plaintiff, | ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO IMMINENT DANGER EXCEPTION |
| v. | |
| ROMAN W. WILLIAMS, et al., | (DOC. 1) |
| Defendants. | |

Plaintiff Gregorio Funtanilla, Jr. ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion to proceed in forma pauperis. (Doc. 1.) Plaintiff contends that he should be allowed to proceed in forma pauperis pursuant to the imminent danger exception of 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Court records reveal that Plaintiff has accumulated at least three dismissals for frivolousness or failure to state a claim as of March 14, 2001. The Court takes judicial notice of the following cases that qualify as strikes pursuant to 28 U.S.C. § 1915(g): *Funtanilla v. R. Tieman, et al.*, Case No. 2:92-CV-01017-LKK-JFM (E. D. Cal.) (dismissed 10/08/1992 as frivolous); *Funtanilla v. Duke-Bray, et al.*, Case No. 3:98-CV-03779-TEH (N. D. Cal.)

1

1  (dismissed 01/06/1999 for failure to state a claim); *Funtanilla v. Ninevella, et al.*, Case No. 1:98-
2  CV-06365-AWI-SMS PC (E. D. Cal.) (dismissed 03/14/2001 for failure to state a claim);
3  Plaintiff thus is not allowed to proceed in forma pauperis in this action unless Plaintiff can
4  demonstrate Plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. §
5  1915(g).
6      "[T]he availability of the [imminent danger] exception turns on the conditions a prisoner
7  faced at the time the complaint was filed, not at some earlier or later time." *Andrews v.*
8  *Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). To meet the imminent danger requirement, the
9  threat or prison condition must be real and proximate, *Ciarpaglini v. Saini*, 352 F.3d 328, 330
10 (7th Cir. 2003), and the danger of serious physical injury must exist at the time the complaint is
11 filed, *Abdul-Akbar v. McKelvie*, 238 F.3d 307, 313-14 (3d Cir. 2001); *Medberry v. Butler*, 185
12 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).
13      Here, Plaintiff alleges in the complaint that Plaintiff is in imminent danger of serious
14 injury. (Compl. Doc. 2.) Plaintiff contends that he needs two teeth extractions. (Compl. 4.)
15 Plaintiff contends that one tooth is broken in half, and another is loose on both sides, exposing
16 the nerve. (*Id.*) Plaintiff contends that his gums are infected under these teeth and the infection
17 is spreading. (*Id.*) Plaintiff contends that as of September 30, 2010, the prison is under
18 lockdown because of an inmate assault. (*Id.*) Plaintiff has made numerous requests to receive
19 dental care, but he has not received it. (*Id.*) Plaintiff was informed by dental staff that there are
20 inmates on the waiting list before him and a shortage of dental staff. (*Id.*) Plaintiff contends he
21 will lose his whole jaw to gum disease, and has lost six pounds. (*Id.*) Plaintiff was forced to
22 exchange food for ibuprofen pills from other inmates. (*Id.* at 5.)
23      Plaintiff has sufficiently alleged imminent danger of a serious physical injury.
24 Accordingly, it is HEREBY ORDERED that Plaintiff's motion to proceed in forma pauperis is
25 GRANTED.
26      IT IS SO ORDERED.
27     Dated:   **September 22, 2010**            **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE
28