# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO FUNTANILLA, JR., | CASE NO. 1:10-CV-01624-DLB PC |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S CLAIMS REGARDING DENTAL CARE AS DUPLICATIVE |
| v. | |
| ROMAN W. WILLIAMS, et al., | ORDER REVOKING IN FORMA PAUPERIS STATUS AND REQUIRING PLAINTIFF TO PAY $350.00 FILING FEE WITHIN THIRTY (30) DAYS |
| Defendants. | |

Plaintiff Gregorio Funtanilla, Jr. ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was granted in forma pauperis status on September 13, 2010.

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has accrued at least three dismissals for frivolousness or failure to state a claim as of March 14, 2001. The Court takes judicial notice of the following cases that qualify as strikes pursuant to 28 U.S.C. § 1915(g): *Funtanilla v. R. Tieman, et al.*, Case No. 2:92-CV-01017-LKK-JFM (E. D. Cal.) (dismissed 10/08/1992 as frivolous); *Funtanilla v. Duke-Bray, et al.*, Case No. 3:98-CV-03779-TEH (N. D. Cal.) (dismissed 01/06/1999 for failure to state a claim); *Funtanilla v. Ninevella, et al.*, Case No. 1:98-CV-06365-AWI-SMS PC (E. D. Cal.)

1

(dismissed 03/14/2001 for failure to state a claim); Plaintiff thus is not allowed to proceed in forma pauperis in this action unless Plaintiff can demonstrate Plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). To meet the imminent danger requirement, the threat or prison condition must be real and proximate, *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), and the danger of serious physical injury must exist at the time the complaint is filed, *Abdul-Akbar v. McKelvie*, 238 F.3d 307, 313-14 (3d Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Plaintiff alleged that he is in imminent danger of serious injury. Compl., Doc. 2. Plaintiff contends that he needs two teeth extractions. Compl. 4. Plaintiff contends that one tooth is broken in half, and another is loose on both sides, exposing the nerve. *Id.* Plaintiff contends that his gums are infected under these teeth and the infection is spreading. *Id.* Plaintiff contends that as of September 30, 2010, the prison is under lockdown because of an inmate assault. *Id.* Plaintiff has made numerous requests to receive dental care, but he has not received it. *Id.* Plaintiff was informed by dental staff that there are inmates on the waiting list before him and a shortage of dental staff. *Id.* Plaintiff contends he will lose his whole jaw to gum disease, and has lost six pounds. *Id.* Plaintiff was forced to exchange food for ibuprofen pills from other inmates. *Id.* at 5.

The Court has now learned that Plaintiff alleged the exact same facts and harm with respect to his need for dental care in his amended complaint in case number 1:10-CV-01048-LJO-SMS PC.

The Court may dismiss a complaint or individual claims *sua sponte* when the complaint or claims are duplicative of claims brought in another case. *See* 28 U.S.C. § 1915A(b)(1) (allowing district courts to dismiss prisoner actions that are frivolous); *see also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (no abuse of discretion in dismissing action as frivolous under 28 U.S.C. § 1915 when complaint "merely repeats pending or previously

litigated claims"). Because Plaintiff first filed his dental claim in case number 1:10-cv-1048-LJO-SMS, that claim should proceed in that case, *see Adams v. California Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007), and be dismissed in the instant action.

Without the dental claim, Plaintiff's allegations do not meet the imminent danger exception. Plaintiff's remaining claims concern Defendants allegedly denying him his right to exercise his religion, which does not meet the imminent danger requirement. Plaintiff is not entitled to proceed in forma pauperis.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's dental care claim is DISMISSED as duplicative;
2. Plaintiff's in forma pauperis status is REVOKED; and
3. Plaintiff is to pay the $350.00 filing fee in full within **thirty (30) days** from the date of service of this order. Failure to pay the full filing fee will result in dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated: February 14, 2011            /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE

3