# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO FUNTANILLA, JR., | CASE NO. 1:10-CV-01624-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (DOC. 2) |
| ROMAN W. WILLIAMS, et al., | RESPONSE DUE WITHIN 30 DAYS |
| Defendants. | |

**Screening Order**

**I.     Background**

Plaintiff Gregorio Funtanilla, Jr. ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action. Plaintiff initiated this action by filing his complaint on September 9, 2010. (Doc. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## II.   Summary Of Complaint And Rule 20(a)

Plaintiff is incarcerated at California Substance Abuse and Treatment Facility ("SATF") in Corcoran, California.  Plaintiff name as Defendants: Roman W. Williams, Jesuit S. Manson, Bartholomew Villareal, Blair Schellenberg, Von Cheeseburger, Judas Garza, Adolf Lyons, S. Connex Sumpter, Kelly Santoro, Ken Clark, Derral G. Adams, R. Gomez, J. Lias, O. A. Ybarra, M. A. Baires, J. Haman, Ourique, R. Harrison, L. Rianda, D. Rothchild, S. Hubbard, Marylyn Kavelage, and Angela Romanello.  Plaintiff also names Defendants Jones, Smith, Reynoso, Grannis, Michigan, Meeker, Braum, Swartout, Gurnigan, and Castaneda in the body of his complaint.  Plaintiff seeks monetary damages and injunctive relief.

Plaintiff alleges numerous unrelated claims.  Plaintiff first alleges that dental staff at SATF are denying him dental care. (Compl. 4-5.)  This claim was dismissed from this action. *See* Order, Doc. 14.  The Court will list the various remaining claims below.

(1) Plaintiff claims a violation of the free exercise of his religion and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").  The incidents involving the practice of his religion, Seventh Day Adventist, occurred from 2004 to 2008, and involve Defendants Lias, Williams, R. Gomez, Clark, Romanello, Baires, Ybarra, and Manson.  Compl. 6-11.

(2) Plaintiff claims retaliation by Defendants Garza and Ourique on May 4, 2008.  Compl. 11-13.  Plaintiff alleges that he was escorted to the visiting area to meet his attorney.  There were no toilets in the visiting area.  Plaintiff alleges that he was then escorted back.  Plaintiff alleges that he informed Defendant Garza that he needed to urinate.  Plaintiff was then escorted to a

holding cage and told to remove his clothing for a body search.  Plaintiff then urinated on himself.  Defendant Ourique came and got a paper towel.  Defendant Ourique soaked up the urine and threw it on Plaintiff.

(3) Plaintiff claims retaliation by Defendant Kalvelage, Rothchild, Rianda, and Hubbard, for allegedly denying him an earlier parole date on April 15, 2005.  Plaintiff had received a recommendation of one year off his sentence from the Del Norte district attorney for testimony given against former CDCR employees.  Plaintiff instead received only 180 days off.  Comp. 14.[1]

(4) Plaintiff also claims that he was falsely placed into segregation as a retaliatory act by Defendants Baires, Lais, Villareal, and Lyons.  Compl. 15-17, 20-21.

(5) Plaintiff also claims that Defendant Cheezeburger placed Plaintiff into segregation as retaliation for filing inmate grievances, and threw away Plaintiff's address book.  Compl. 16-19. Plaintiff contends that he lost his ability of access to the court, as Plaintiff was unable to contact his sister to tell her to pay Plaintiff's filing fee on appeal.

(6) Plaintiff also claims that Defendant Schellenberg, Smith, Reynoso, and Grannis denied Plaintiff a second blanket during his stay in administrative segregation from April 2007 to June 2008.  Compl. 22.

(7) Plaintiff also claims that Defendants Michigan, Meeker, Braum, Gernigan, and Swartout denied Plaintiff seizure medication from April to July of 2007.  Compl. 23-25.

None of these claims are related to each other.  Pursuant to Federal Rule of Civil Procedure 20(a), persons may be joined in one action as defendants if any right to relief asserted against them arises out of the same transaction, occurrence, or series of transactions and occurrences, and any question of law or fact common to all defendants will arise in the action. *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits").  The Court finds that none of the above claims arise from the same transaction, occurrence, or series of transactions or occurrences.  Thus, these Defendants cannot all be joined in the same action.  Plaintiff will be required to amend his

---

[1] If Plaintiff is seeking an earlier release date, Plaintiff's claim is barred pursuant to the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994).

3

1  complaint, choosing only *one* of the above claims on which to proceed.  The remainder of
2  Plaintiff's claims will be dismissed without prejudice to filing in a separate action.  If Plaintiff's
3  amended complaint fails to comply with this order, the Court will choose the claim that proceeds
4  in this action.
5        The Court will provide Plaintiff with the legal standards that appear to govern his claims
6  in this action.

7  **III.**   **Legal Standards**

8      **A.**   **Eighth Amendment - Conditions of Confinement**

9        The Eighth Amendment protects prisoners from inhumane methods of punishment and
10  from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.
11  2006).  Extreme deprivations are required to make out a conditions of confinement claim, and
12  only those deprivations denying the minimal civilized measure of life's necessities are
13  sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*,
14  503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for violation of
15  the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials
16  knew of and disregarded a substantial risk of serious harm to him.  *E.g.*, *Farmer v. Brennan*, 511
17  U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).  Mere negligence on
18  the part of the official is not sufficient to establish liability, but rather, the official's conduct must
19  have been wanton.  *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

20      **B.**   **First Amendment - Free Exercise**

21        "The right to exercise religious practices and beliefs does not terminate at the prison door.
22  The free exercise right, however, is necessarily limited by the fact of incarceration, and may be
23  curtailed in order to achieve legitimate correctional goals or to maintain prison security."
24  *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (citing *O'Lone v. Shabazz*, 482 U.S. 342
25  (1987)); *see Bell v. Wolfish*, 441 U.S. 520, 545 (1979).  Only beliefs which are both sincerely
26  held and rooted in religious beliefs trigger the Free Exercise Clause.  *Shakur v. Schriro*, 514 F.3d
27  878, 884-85 (9th Cir. 2008) (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994)); *Callahan*
28  *v. Woods*, 658 F. 2d 679, 683 (9th Cir. 1981)).  Under this standard, "when a prison regulation

impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).  First, "there must be a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it," and "the governmental objective must itself be a legitimate and neutral one." *Id.*  A second consideration is "whether there are alternative means of exercising the right that remain open to prison inmates." *Id.* at 90 (internal quotations and citation omitted).  A third consideration is "the impact accommodation of the asserted right will have on guards and other inmates, and on the allocation of prison resources generally." *Id.*  "Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation." *Id.*

### C. RLUIPA

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1.  Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. *Warsoldier v. Woodford*, 418 F.3d 989, 994-95 (9th Cir. 2005).  If plaintiff meets his burden, defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest." *Id.* (emphasis in original).  "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." *Id.*

### D. First Amendment - Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

### E. Access To The Courts

Inmates have a fundamental right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). For backward-looking claims such as that at issue here, plaintiff must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Id.* at 413-14.

### F. Due Process - Administrative Segregation

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. *Id.* Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983), *abrogated in part on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. *See id.* With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. *Sandin*, 515 U.S. at 481-84. Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. When a prisoner is placed in administrative segregation, prison officials must, within a reasonable time after placement, conduct an informal, non-adversary review of the evidence justifying the decision. *Hewitt*, 459 U.S. at 476. Before review, the prisoner must receive some notice of the charges and be given an opportunity to respond to the charges. *See id.*

///

**IV.     Conclusion And Order**

Plaintiff's complaint violates Rule 20(a), and thus will be dismissed. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for non-compliance with Federal Rule of Civil Procedure 20(a), with leave to file an amended complaint as stated herein within **thirty (30) days** from the date of service of this order; and
3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **April 22, 2011**            /s/ Dennis L. Beck
                                       UNITED STATES MAGISTRATE JUDGE

7