# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO FUNTANILLA, JR., | CASE NO. 1:10-CV-01624-DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF EITHER TO FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| ROMAN W. WILLIAMS, et al., | |
| Defendants. | (DOC. 18) |
| / | RESPONSE DUE WITHIN THIRTY DAYS |

**Screening Order**

**I.    Background**

Plaintiff Gregorio Funtanilla, Jr. ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000. On April 25, 2011, the Court screened Plaintiff's complaint and dismissed it with leave to amend. Doc. 16. On June 2, 2011, Plaintiff filed his first amended complaint. Doc. 18.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary Of First Amended Complaint

Plaintiff is incarcerated at California Substance Abuse and Treatment Facility ("SATF") in Corcoran, California, where the events at issue in this action occurred. Plaintiff name as Defendants: Roman W. Williams and Jesuit S. Manson, correctional officers; K. Turner and D. Ibarra, correctional sergeants; O. A. Ybarra and M. A. Baires, correctional lieutenants; J. Lias, correctional captain; R. Gomez, inmate appeals coordinator; Nola Grannis, Chief of Inmate Appeals Office for CDCR; Angela Romanello, community resource manager; Kelly Santoro, associate warden; and Derral G. Adams and Ken Clark, wardens at SATF.

Plaintiff alleges the following. Plaintiff is a member of the Seventh Day Adventist Church. First Am. Compl. 6. Plaintiff believes that the Sabbath begins each Friday at sundown and ends Saturday at sundown. *Id.* Plaintiff also believes that he is required to post the Ten Commandments on his door, and to gather double portions of food on Friday in order to not have to go out on Saturday. *Id.*

Plaintiff affixed a paper with the Ten Commandments above the door of his cell. *Id.* at 7. On November 7, 2008, while Plaintiff was out of his cell, Defendant Williams entered and exited Plaintiff's cell. *Id.* Upon Plaintiff's return, Plaintiff found the paper on the ground. *Id.* Defendant Williams returned later that day and informed Plaintiff to not hang graffiti above the door. *Id.* Plaintiff informed him that he was doing so to practice his religion. *Id.* Defendant Williams told him that he did not care and reiterated the order. *Id.* Plaintiff placed the Ten Commandments back to where it was. *Id.* On November 9, 2008, Defendants Mason and

1  William came to Plaintiff's cell, tore down the Ten Commandments paper, ripped it to pieces and
2  stepped on it. *Id.* Defendants did this two other times. *Id.* Plaintiff explained his need to write
3  and post the Ten Commandments above the door in his cell to Defendants Lias, Gomez, and
4  Clark, and requested the reasonable accommodation to practice his religious. *Id.* Each of the
5  Defendants denied Plaintiff's requests, citing security needs. *Id.*

6  During November 2008, Defendant Turner denied Plaintiff's request to place the Ten
7  Commandments above his door repeatedly. *Id.* at 8. Plaintiff was seeking permission only to
8  place the Ten Commandments above his door, not on the door or the cell door window. *Id.*
9  Plaintiff explained to Defendants that it was part of his religious beliefs to display it. *Id.*
10 Defendant Turner denied Plaintiff's request, stating that Plaintiff is not allowed to obstruct the
11 door or window due to safety and security reasons. *Id.*

12 Plaintiff requested permission from Defendant Grannis, but permission was denied on
13 April 2009. *Id.* Plaintiff explained that he needed to post the Ten Commandments above his
14 door or on the doorposts for religious reasons. *Id.* Defendant Grannis denied Plaintiff's request
15 on the same grounds found by Defendant Turner. *Id.*

16 On June 23, 2010, Defendant Santoro entered Plaintiff's cell, saw the Ten
17 Commandments posted and ordered it taken down. *Id.* at 9. Plaintiff requested Defendant
18 Santoro to grant him permission for displaying it as a reasonable religious accommodation. *Id.*
19 Defendant Santoro refused. *Id.* This occurred again on July 21, 2010 and April 11, 2011. *Id.*

20 On August 17, 2010, Plaintiff requested permission from Defendant Ibarra to place his
21 display as a necessary tenant of for his religion. *Id.* at 10. Defendant Ibarra removed Plaintiff's
22 television for sixty days. *Id.* Defendant Ibarra also goes into Plaintiff's cell and removes the
23 display of the Ten Commandments. *Id.*

24 Plaintiff believes that based on his faith it is wrong to exit his cell on the Sabbath for the
25 purposes of going to the prison kitchen to get his breakfast, eat it, and then pick up a lunch bag
26 for lunch. *Id.* at 11. Plaintiff also believes it is wrong to receive service from kitchen workers,
27 cooks, and correctional officers on the Sabbath. *Id.* Plaintiff thus made two requests: whenever
28 possible, he be issued his lunch bag on Friday evenings, and that an inmate kitchen worker bring

his portion of food to Plaintiff's cell on Sabbath. *Id.* Defendant Romanello denied the requests, interpreting Plaintiff's religious scriptures and finding that walking to the kitchen is not working and that food would spoil. *Id.* Defendant R. Gomez concurred. *Id.* Defendant Clark informed Plaintiff that his meals would not be taken to him on Fridays or no Sabbath. *Id.* at 11-12. Defendant Grannis agreed with this decision. *Id.* at 12. Plaintiff explained that his faith required him to not leave his cell to go get food and bring it back. *Id.*

On June 19, June 26, and November 20 of 2004, which were Saturdays, a pastor came to have group worship with Plaintiff. *Id.* Plaintiff was on the list for service. However, on both dates Defendant Adams kept Plaintiff in his cell instead of allowing Plaintiff to participate with his religious service. *Id.*

On each Sabbath from January through September 16 of 2006, a pastor came to have group worship with Plaintiff. *Id.* Plaintiff was on the list for the services. *Id.* Defendants Baires and Clark kept Plaintiff in his cell instead of allowing Plaintiff to participate in his religious service. *Id.*

In 2007, Defendant Clark secured the services of a Sunday group church leader. *Id.* Plaintiff requested a Sabbath worship pastor repeatedly, but was denied. *Id.* Defendants Clark, Baires, and Ybarra refused to allow Plaintiff to enter the facility chapel for worship each Sabbath day in 2006. *Id.* at 13. Plaintiff was instead kept in his cell. *Id.* Defendants Clark, Baires, and Ybarra allowed other non-sabbath day inmates out of their cell. *Id.* Defendants were aware that Plaintiff observed Saturday as the Sabbath day. *Id.* Defendants Clark, Baires, and Ybarra deprived Plaintiff of access to worship on Sabbath days in January to April 17 of 2007. *Id.* There is no other day for Plaintiff to worship and rest from his own work. *Id.*

Plaintiff alleges a violation of the Free Exercise Clause of the First Amendment and RLUIPA. Plaintiff requests injunctive relief, compensatory and punitive damages, and restoration of Plaintiff's earliest possible release date.[1]

---

[1] The Court expresses no opinion as to whether Plaintiff's claims are affected by the favorable termination rule. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

### III. Legal Standards

#### A. First Amendment - Free Exercise

"The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (citing *O'Lone v. Shabazz*, 482 U.S. 342 (1987)); *see Bell v. Wolfish*, 441 U.S. 520, 545 (1979). Beliefs which are both sincerely held and rooted in religious beliefs trigger the Free Exercise Clause if such beliefs are burdened. *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994)); *Callahan v. Woods*, 658 F. 2d 679, 683 (9th Cir. 1981)).

Under this standard, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see O'Lone*, 482 U.S. at 349 (applying *Turner* to Free Exercise claims). First, "there must be a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it," and "the governmental objective must itself be a legitimate and neutral one." *Turner*, 482 U.S. at 89. A second consideration is "whether there are alternative means of exercising the right that remain open to prison inmates." *Id.* at 90 (internal quotations and citation omitted). A third consideration is "the impact accommodation of the asserted right will have on guards and other inmates, and on the allocation of prison resources generally." *Id.* "Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation." *Id.*

At the pleading stage, Plaintiff has sufficiently alleged a cognizable Free Exercise claim against Defendants Williams, Manson, Lias, Gomez, Clark, Turner, Grannis, Santoro, and Ibarra for denial of Plaintiff's ability to place a copy of the Ten Commandments above his door. Plaintiff has sufficiently alleged facts that demonstrate such placement of the Ten Commandments is a sincerely held religious belief, and that Defendants have impinged his religious exercise.

At the pleading stage, Plaintiff fails to state a cognizable Free Exercise claim against

5

Defendants Grannis, Romanello, R. Gomez, and Clark for not providing Plaintiff with food in his cell each Sabbath day. Plaintiff believes that he should not receive food on the Sabbath from inmate workers and cooks, and that he should not leave his cell to go to the prison kitchen. However, Plaintiff makes no allegations which indicate that Defendants are forcing Plaintiff to do so on the Sabbath. Plaintiff has thus not alleged sufficient facts which indicate that Defendants are burdening the exercise of his religion regarding food on the Sabbath.

Plaintiff fails to state a cognizable Free Exercise claim against Defendant Adams, Baires, and Clark for refusing to allow Plaintiff to attend church worship services on Sabbath days. Plaintiff has not alleged facts which demonstrate how attending group worship services is sincerely held and rooted in religious beliefs.

Plaintiff fails to state a Free Exercise claim against Defendant Clark for not obtaining a pastor on Sabbath for Plaintiff to worship. Prison officials have no affirmative obligations under the First Amendment to provide appropriate clergy for inmates. *Ward v. Walsh*, 1 F.3d 873, 880 (9th Cir. 1993).

**B.    RLUIPA**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. "RLUIPA defines 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" *Greene v. Solano County Jail*, 513 F.3d 982, 986 (9th Cir. 2008) (quoting 42 U.S.C. § 2000cc-5(7)(A)). Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. *Warsoldier v. Woodford*, 418 F.3d 989, 994-95 (9th Cir. 2005). "A 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *Id.* at 995 (citing *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)). If the plaintiff meets his burden, defendants must demonstrate that

1  "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a
2  compelling governmental interest *and* the least restrictive means of furthering that compelling
3  governmental interest." *Id.* (emphasis in original).  "RLUIPA is to be construed broadly in favor
4  of protecting an inmate's right to exercise his religious beliefs." *Id.*

5      At the pleading stage, Plaintiff states a cognizable RLUIPA claim against Defendant
6  Williams, Manson, Lias, Gomez, Clark, Turner, Grannis, Santoro, and Ibarra by banning Plaintiff
7  from displaying the Ten Commandments above his prison cell door.  Plaintiff alleges that he is
8  required by his faith to post the Ten Commandments above his door, and that Defendants have
9  prevented him from complying.  Plaintiff has alleged sufficient facts which demonstrate that the
10 exercise of his religion was substantially burdened.

11     At the pleading stage, Plaintiff fails to state a cognizable RLUIPA claim against
12 Defendants Romanello, Gomez, Clark, and Grannis for not providing him with food on the
13 Sabbath.  Plaintiff has failed to allege facts which demonstrate how Defendants are substantially
14 burdening the exercise of his religion by not providing Plaintiff with food at his cell for breakfast
15 and lunch on Saturdays.

16     At the pleading stage, Plaintiff fails to state cognizable RLUIPA claim against
17 Defendants Ybarra, Baires, Adams, and Clark for denying Plaintiff a pastor to conduct Sabbath
18 worship and prohibiting Plaintiff from attending Sabbath day worship services.  Plaintiff has not
19 alleged sufficient facts which demonstrate how having a pastor for Sabbath worship and group
20 services is an exercise of Plaintiff's religious beliefs.

21     **C.**    **Fourteenth Amendment - Equal Protection**

22     The Equal Protection Clause . . . is essentially a direction that all persons similarly
23 situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432,
24 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  A prisoner is entitled "to 'a
25 reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow
26 prisoners who adhere to conventional religious precepts.'" *Shakur*, 514 F.3d at 891 (quoting
27 *Cruz v. Beto*, 405 U.S. 319, 321-22 (1972) (per curiam)).  To state a claim, a plaintiff must allege
28 facts sufficient to support the claim that prison officials intentionally discriminated against him

7

on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. *Cruz*, 405 U.S. at 321-22; *Shakur*, 514 F.3d at 891; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001); *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part on other grounds*, *Shakur*, 514 F.3d at 884-85.

Plaintiff fails to state an Equal Protection claim. Plaintiff asserts that other prisoners are allowed to place other religious items on their doorposts or cell walls. However, Plaintiff alleges that he is being treated differently because he places his Ten Commandments above the door, not for placing items on the doorposts or cell walls. Plaintiff is thus not being treated differently from other similarly situated religious groups, as he is engaging in activity that is not similar to these other prisoners. Accordingly, Plaintiff fails to state an Equal Protection claim regarding the exercise of his religion and denial of his ability to display the Ten Commandments above his door.

## IV.   **Conclusion And Order**

Plaintiff states a cognizable claim under the Free Exercise Clause of the First Amendment and under RLUIPA against Defendants Williams, Manson, Lias, Gomez, Clark, Turner, Grannis, Santoro, and Ibarra for denial of Plaintiff's ability to place a copy of the Ten Commandments above his door. Plaintiff fails to state any other claims against any other Defendants. The Court will provide Plaintiff with an opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides not to amend and is willing to proceed only on the claims found to be cognizable, Plaintiff shall so notify the Court. The Court will issue an order dismissing Defendant Adams, Ybarra, Baires, and Romanello from this action, and forward subpoenas to Plaintiff for initiation of service of process as to Defendants Williams, Manson, Lias, Gomez, Clark, Turner, Grannis, Santoro, and Ibarra.

1     If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

    Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
   (a) file a second amended complaint curing the deficiencies identified herein; or
   (b) notify the Court of willingness to proceed only on claims found to be cognizable as stated herein;
3. Plaintiff may not add any new, unrelated claims to this action via the second amended complaint and any attempt to do so may result in an order striking the second amended complaint; and
4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order.

IT IS SO ORDERED.

    **Dated:  October 31, 2011**        **/s/ Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE