# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO FUNTANILLA, JR., | CASE NO. 1:10-CV-01624-DLB PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS |
| v. | (DOC. 22) |
| ROMAN W. WILLIAMS, et al., | |
| Defendants. | |

**Screening Order**

**I.     Background**

Plaintiff Gregorio Funtanilla, Jr. ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000. On April 25, 2011, the Court screened Plaintiff's complaint and dismissed it with leave to amend. Doc. 16. On June 2, 2011, Plaintiff filed his first amended complaint. Doc. 18.

On November 1, 2011, the Court screened Plaintiff's first amended complaint and found that it stated a cognizable claim against Defendants Defendants Williams, Manson, Lias, Gomez, Clark, Turner, Grannis, Santoro, and Ibarra for denial of Plaintiff's ability to place a copy of the Ten Commandments above his door, in violation of the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). Plaintiff did not state any other claims against any other Defendants. Plaintiff was provided the

1

opportunity to file a second amended complaint or notify the Court of his willingness to proceed only on the cognizable claims. Plaintiff filed his second amended complaint on December 7, 2011. Doc. 22.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**II.     Summary Of Second Amended Complaint**

Plaintiff is incarcerated at California Substance Abuse and Treatment Facility ("SATF") in Corcoran, California, where the events at issue in this action occurred. Plaintiff name as Defendants: Roman W. Williams and Jesuit S. Manson, correctional officers; K. Turner and D. Ibarra, correctional sergeants; O. A. Ybarra and M. A. Baires, correctional lieutenants; J. Lias, correctional captain; R. Gomez, inmate appeals coordinator; Nola Grannis, former Chief of Inmate Appeals Office for CDCR; Angela Romanello, community resource manager; Kelly Santoro, associate warden; and Derral G. Adams and Ken Clark, former wardens at SATF.

Plaintiff alleges the following. Plaintiff is a member of the Seventh Day Adventist Church. Second Am. Compl. 7. Plaintiff believes that the Sabbath begins each Friday at sundown and ends Saturday at sundown. *Id.* Plaintiff also believes that he is required to post the Ten Commandments on his door, and to gather double portions of food on Friday in order to not

1  have to go out on Saturday.  *Id.*

2  Plaintiff affixed a paper with the Ten Commandments above the door of his cell.  *Id.* at 8.
3  On November 7, 2008, while Plaintiff was out of his cell, Defendant Williams entered and exited
4  Plaintiff's cell.  *Id.*  Upon Plaintiff's return, Plaintiff found the paper on the ground.  *Id.*
5  Defendant Williams returned later that day and informed Plaintiff to not hang graffiti above the
6  door.  *Id.*  Plaintiff informed him that he was doing so to practice his religion.  *Id.*  Defendant
7  Williams told him that he did not care and reiterated the order.  *Id.*  Plaintiff placed the Ten
8  Commandments back to where it was.  *Id.*  On November 9, 2008, Defendants Mason and
9  William came to Plaintiff's cell, tore down the Ten Commandments paper, ripped it to pieces and
10 stepped on it.  *Id.*  Defendants did this two other times.  *Id.*  Plaintiff explained his need to write
11 and post the Ten Commandments above the door in his cell to Defendants Lias, Gomez, and
12 Clark, and requested the reasonable accommodation to practice his religious.  *Id.*  Each of the
13 Defendants denied Plaintiff's requests, citing security needs.  *Id.*

14 During November 2008, Defendant Turner denied Plaintiff's request to place the Ten
15 Commandments above his door repeatedly.  *Id.* at 9.  Plaintiff was seeking permission only to
16 place the Ten Commandments above his door, not on the door or the cell door window.  *Id.*
17 Plaintiff explained to Defendants that it was part of his religious beliefs to display it.  *Id.*
18 Defendant Turner denied Plaintiff's request, stating that Plaintiff is not allowed to obstruct the
19 door or window due to safety and security reasons.  *Id.*

20 Plaintiff requested permission from Defendant Grannis, but permission was denied on
21 April 2009.  *Id.*  Plaintiff explained that he needed to post the Ten Commandments above his
22 door or on the doorposts for religious reasons.  *Id.*  Defendant Grannis denied Plaintiff's request
23 on the same grounds found by Defendant Turner.  *Id.*

24 On June 23, 2010, Defendant Santoro entered Plaintiff's cell, saw the Ten
25 Commandments posted and ordered it taken down.  *Id.* at 9.  Plaintiff requested Defendant
26 Santoro to grant him permission for displaying it as a reasonable religious accommodation.  *Id.*
27 Defendant Santoro refused.  *Id.*  This occurred again on July 21, 2010 and April 11, 2011.  *Id.*
28 On August 17, 2010, Plaintiff requested permission from Defendant Ibarra to place his

3

1  display as a necessary tenant of for his religion. *Id.* at 11.  Defendant Ibarra removed Plaintiff's
2  television for sixty days. *Id.*  Defendant Ibarra also goes into Plaintiff's cell and removes the
3  display of the Ten Commandments. *Id.*

4     Plaintiff believes that based on his faith it is wrong to exit his cell on the Sabbath for the
5  purposes of going to the prison kitchen to get his breakfast, eat it, and then pick up a lunch bag
6  for lunch. *Id.* at 11.  Plaintiff also believes it is wrong to receive service from kitchen workers,
7  cooks, and correctional officers on the Sabbath. *Id.*  Plaintiff thus made two requests: whenever
8  possible, he be issued his lunch bag on Friday evenings, and that an inmate kitchen worker bring
9  his portion of food to Plaintiff's cell on Sabbath. *Id.*  Defendant Romanello denied the requests,
10 interpreting Plaintiff's religious scriptures and finding that walking to the kitchen is not working
11 and that food would spoil. *Id.*  Defendant R. Gomez concurred. *Id.*  Defendant Clark informed
12 Plaintiff that his meals would not be taken to him on Fridays or on Sabbath. *Id.* at 12-13.
13 Defendant Grannis agreed with this decision. *Id.* at 13.  Plaintiff explained that his faith required
14 him to not leave his cell to go get food and bring it back. *Id.*

15     On June 19, June 26, and November 20 of 2004, which were Saturdays, a pastor came to
16 have group worship with Plaintiff. *Id.* at 14.  Plaintiff was on the list for service.  However, on
17 both dates Defendant Adams kept Plaintiff in his cell instead of allowing Plaintiff to participate
18 with his religious service. *Id.*

19     On each Sabbath from January through September 16 of 2006, a pastor came to have
20 group worship with Plaintiff. *Id.*  Plaintiff was on the list for the services. *Id.*  Defendants Baires
21 and Clark kept Plaintiff in his cell instead of allowing Plaintiff to participate in his religious
22 service. *Id.*

23     In 2007, Defendant Clark secured the services of a Sunday group church leader. *Id.*
24 Plaintiff requested a Sabbath worship pastor repeatedly, but was denied. *Id.*  Defendants Clark,
25 Baires, and Ybarra refused to allow Plaintiff to enter the facility chapel for worship each Sabbath
26 day in 2006. *Id.*  Plaintiff was instead kept in his cell. *Id.*  Defendants were aware that Plaintiff
27 observed Saturday as the Sabbath day. *Id.*  Defendants Clark, Baires, and Ybarra deprived
28 Plaintiff of access to worship on Sabbath days in January to April 17 of 2007. *Id.*  There is no

other day for Plaintiff to worship and rest from his own work. *Id.* Plaintiff's duty as a member of the Seventh Day Adventist Church is to attend and participate in group religious worship. *Id.*

Plaintiff alleges a violation of the Free Exercise Clause of the First Amendment and RLUIPA. Plaintiff requests injunctive relief, compensatory and punitive damages, and restoration of Plaintiff's earliest possible release date.[1]

### III.     Legal Standards

#### A.     First Amendment - Free Exercise

"The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (citing *O'Lone v. Shabazz*, 482 U.S. 342 (1987)); *see Bell v. Wolfish*, 441 U.S. 520, 545 (1979). Beliefs which are both sincerely held and rooted in religious beliefs trigger the Free Exercise Clause if such beliefs are burdened. *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994)); *Callahan v. Woods*, 658 F. 2d 679, 683 (9th Cir. 1981)).

Under this standard, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see O'Lone*, 482 U.S. at 349 (applying *Turner* to Free Exercise claims). First, "there must be a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it," and "the governmental objective must itself be a legitimate and neutral one." *Turner*, 482 U.S. at 89. A second consideration is "whether there are alternative means of exercising the right that remain open to prison inmates." *Id.* at 90 (internal quotations and citation omitted). A third consideration is "the impact accommodation of the asserted right will have on guards and other inmates, and on the allocation of prison resources generally." *Id.* "Finally, the absence of ready alternatives is evidence of the

---

[1] The Court expresses no opinion as to whether Plaintiff's claims are affected by the favorable termination rule. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

reasonableness of a prison regulation." *Id.*

At the pleading stage, Plaintiff has sufficiently alleged a cognizable Free Exercise claim against Defendants Williams, Manson, Lias, Gomez, Clark, Turner, Grannis, Santoro, and Ibarra for denial of Plaintiff's ability to place a copy of the Ten Commandments above his door. Plaintiff has sufficiently alleged facts that demonstrate such placement of the Ten Commandments is a sincerely held religious belief, and that Defendants have impinged his religious exercise.

At the pleading stage, Plaintiff states a cognizable Free Exercise claim against Defendants Grannis, Romanello, R. Gomez, and Clark for not providing Plaintiff with food in his cell each Sabbath day. Plaintiff believes that he should not leave his cell to go to the prison kitchen on the Sabbath. Defendants allegedly denied him the ability to bring extra food back to his cell on Fridays. Plaintiff has sufficiently alleged facts that demonstrate it is a sincerely held religious belief, and that Defendants have impinged his religious exercise.

Plaintiff states a cognizable Free Exercise claim against Defendant Adams, Baires, and Clark for refusing to allow Plaintiff to attend church worship services on Sabbath days.

Plaintiff fails to state a Free Exercise claim against Defendant Clark for not obtaining a pastor on Sabbath for Plaintiff to worship. Prison officials have no affirmative obligations under the First Amendment to provide appropriate clergy for inmates. *Ward v. Walsh*, 1 F.3d 873, 880 (9th Cir. 1993).

**B.     RLUIPA**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. "RLUIPA defines 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" *Greene v. Solano County Jail*, 513 F.3d 982, 986 (9th Cir. 2008) (quoting 42 U.S.C. § 2000cc-5(7)(A)). Plaintiff

6

bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. *Warsoldier v. Woodford*, 418 F.3d 989, 994-95 (9th Cir. 2005). "A 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *Id.* at 995 (citing *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)). If the plaintiff meets his burden, defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest." *Id.* (emphasis in original). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." *Id.*

At the pleading stage, Plaintiff states a cognizable RLUIPA claim against Defendant Williams, Manson, Lias, Gomez, Clark, Turner, Grannis, Santoro, and Ibarra by banning Plaintiff from displaying the Ten Commandments above his prison cell door. Plaintiff alleges that he is required by his faith to post the Ten Commandments above his door, and that Defendants have prevented him from complying. Plaintiff has alleged sufficient facts which demonstrate that the exercise of his religion was substantially burdened.

At the pleading stage, Plaintiff states a cognizable RLUIPA claim against Defendants Romanello, Gomez, Clark, and Grannis for not providing him with food on the Sabbath. Plaintiff has alleged facts which demonstrate how Defendants are substantially burdening the exercise of his religion by not providing Plaintiff with the opportunity to bring extra food to his cell in order to observe his religious practice, and not bringing food to his cell on Saturdays.

At the pleading stage, Plaintiff states a cognizable RLUIPA claim against Defendants Ybarra, Baires, Adams, and Clark for prohibiting Plaintiff from attending Sabbath day worship services. Plaintiff has alleged sufficient facts which demonstrate how attending group services is an exercise of Plaintiff's religious beliefs, and that Defendants' denial is a substantial burden.

At the pleading stage, Plaintiff fails to state cognizable RLUIPA claim against Defendants Ybarra, Baires, Adams, and Clark for denying Plaintiff a pastor to conduct Sabbath worship. Plaintiff has not alleged sufficient facts which demonstrate how having a pastor for Sabbath worship is an exercise of Plaintiff's religious beliefs.

### IV. Conclusion And Order

Plaintiff states a cognizable claim under the Free Exercise Clause of the First Amendment and under RLUIPA against Defendants Williams, Manson, Lias, Gomez, Clark, Adams, Turner, Grannis, Santoro, and Ibarra for denial of Plaintiff's ability to place a copy of the Ten Commandments above his door, not providing Plaintiff with food so that he does not have to walk on the Sabbath, and denying Plaintiff the right to attend group services. Plaintiff fails to state any other claims.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. This action proceed against Defendants Williams, Manson, Lias, Gomez, Clark, Turner, Grannis, Santoro, and Ibarra for denial of Plaintiff's ability to place a copy of the Ten Commandments above his door in violation of the Free Exercise Clause of the First Amendment and RLUIPA;

2. This action proceed against Defendants Grannis, Romanello, R. Gomez, and Clark for not providing Plaintiff with the opportunity to bring extra to his cell before each Sabbath day, or not providing him food at his cell on each Sabbath day, in violation of the Free Exercise Clause of the First Amendment and RLUIPA;

3. This action proceed against Defendant Adams, Baires, and Clark for refusing to allow Plaintiff to attend church worship services on Sabbath days in violation of the Free Exercise Clause of the First Amendment and RLUIPA; and

4. Plaintiff's claims for the obtaining of a pastor to conduct Sabbath worship are dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

Dated:  **March 16, 2012**           /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE