# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO FUNTANILLA, JR., | Case No.  1:10-cv-01624-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART |
| v. | |
| ROMAN R. WILLIAMS, et al., | (ECF No. 59) |
| Defendants. | THIRTY-DAY DEADLINE |

_____/

## I.    PROCEDURAL HISTORY

Plaintiff Gregorio Funtanilla, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 9, 2010.  This action is proceeding on Plaintiff's Second Amended Complaint ("SAC"), filed on December 7, 2011, against 1) Defendants Williams, Manson, Lias, Gomez, Clark, Turner, Grannis, Santoro, and Ibarra for denial of Plaintiff's ability to place a copy of the Ten Commandments above his door in violation of the Free Exercise Clause of the First Amendment and RLUIPA; 2) Defendants Grannis, Romanello, R. Gomez, and Clark for not providing Plaintiff with the opportunity to bring extra to his cell before each Sabbath day, or not providing him food at his cell on each Sabbath day, in violation of the Free Exercise Clause of the First Amendment and RLUIPA; and 3) Defendant Adams, Baires, and Clark for refusing to allow Plaintiff to attend church worship services on

1  Sabbath days in violation of the Free Exercise Clause of the First Amendment and RLUIPA. (ECF

2  Nos. 22 & 23.)

3      Pending before the Court is Defendant K. Turner's, M. Baires', K. Clark's, D. Ibarra's, O.

4  Ybarra's, J. Lais', Adams', Grannis' and Santoro's ("Defendants") Motion to Dismiss, filed

5  pursuant to Federal Rule of Civil Procedure 12(b)(6) on October 22, 2013.[1]  (ECF No. 43.)

6  Plaintiff filed an Opposition on January 13, 2014, and Defendants did not reply.  (ECF No. 67.)

7  The matter is deemed submitted pursuant to Local Rule 230(*l*).

8  **II.    LEGAL STANDARD**

9      A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a

10  claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of

11  sufficient facts alleged under a cognizable legal theory.  *Conservation Force v. Salazar*, 646 F.3d

12  1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct.

13  1762 (2012).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative

14  pleading.  *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v.*

15  *Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-

16  04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir.

17  1998).  However, courts may properly consider matters subject to judicial notice and documents

18  incorporated by reference in the pleading without converting the motion to dismiss to one for

19  summary judgment.  *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

20      To survive a motion to dismiss, a complaint must contain sufficient factual matter,

21  accepted as true, to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678,

22  129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct.

23  1955, 1964-65 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v.*

24  *U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the well-pleaded

25

26  [1] Defendants Adams and Santoro joined the Motion to Dismiss on December 4, 2013.  (ECF No. 64.) Defendant
   Grannis joined the Motion to Dismiss on April 7, 2014.  (ECF No. 70.)  Defendants J. Manson, A. Romanello, and R.

27  Gomez. have not appeared yet in this action.

28                                    2

factual allegations as true and draw all reasonable inferences in favor of the non-moving party, *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, prisoners proceeding pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Further, "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh*, 465 F.3d at 997), *cert. denied*, 131 S.Ct. 3055 (2011). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Von Saher*, 592 F.3d at 969 (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

## III.     SUMMARY OF PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff is incarcerated at California Substance Abuse and Treatment Facility ("SATF") in Corcoran, California, where the events at issue in this action occurred. Plaintiff names as Defendants: Roman W. Williams and Jesuit S. Manson, correctional officers; K. Turner and D. Ibarra, correctional sergeants; O. A. Ybarra and M. A. Baires, correctional lieutenants; J. Lias, correctional captain; R. Gomez, inmate appeals coordinator; Nola Grannis, former Chief of Inmate Appeals Office for CDCR; Angela Romanello, community resource manager; Kelly Santoro, associate warden; and Derral G. Adams and Ken Clark, former wardens at SATF.

Plaintiff alleges the following. Plaintiff is a member of the Seventh Day Adventist Church. SAC at 7. Plaintiff believes that the Sabbath begins each Friday at sundown and ends Saturday at sundown. *Id.* Plaintiff also believes that he is required to post the Ten Commandments on his door, and to gather double portions of food on Friday in order to not Plaintiff have to go out on

3

1  Saturday. *Id.*

2        Plaintiff affixed a paper with the Ten Commandments above the door of his cell. *Id.* at 8.

3  On November 7, 2008, while Plaintiff was out of his cell, Defendant Williams entered and exited

4  Plaintiff's cell. *Id.* Upon Plaintiff's return, Plaintiff found the paper on the ground. *Id.* Defendant

5  Williams returned later that day and informed Plaintiff to not hang graffiti above the door. *Id.*

6  Plaintiff informed him that he was doing so to practice his religion. *Id.* Defendant Williams told

7  him that he did not care and reiterated the order. *Id.* Plaintiff placed the Ten Commandments back

8  to where it was. *Id.* On November 9, 2008, Defendants Mason and William came to Plaintiff's

9  cell, tore down the Ten Commandments paper, ripped it to pieces and stepped on it. *Id.*

10  Defendants did this two other times. *Id.* Plaintiff explained his need to write and post the Ten

11  Commandments above the door in his cell to Defendants Lias, Gomez, and Clark, and requested

12  the reasonable accommodation to practice his religious. *Id.* Each of the Defendants denied

13  Plaintiff's requests, citing security needs. *Id.*

14        During November 2008, Defendant Turner denied Plaintiff's request to place the Ten

15  Commandments above his door repeatedly. *Id.* at 9. Plaintiff was seeking permission only to place

16  the Ten Commandments above his door, not on the door or the cell door window. *Id.* Plaintiff

17  explained to Defendants that it was part of his religious beliefs to display it. *Id.* Defendant Turner

18  denied Plaintiff's request, stating that Plaintiff is not allowed to obstruct the door or window due

19  to safety and security reasons. *Id.*

20        Plaintiff requested permission from Defendant Grannis, but permission was denied on

21  April 2009. *Id.* Plaintiff explained that he needed to post the Ten Commandments above his

22  door or on the doorposts for religious reasons. *Id.* Defendant Grannis denied Plaintiff's request

23  on the same grounds found by Defendant Turner. *Id.* also believes that he is required to post the

24  Ten Commandments on his door, and to gather double portions of food on Friday in order to not

25  have to go out on Saturday. *Id.*

26        On June 23, 2010, Defendant Santoro entered Plaintiff's cell, saw the Ten Commandments

27

28                                                        4

1  posted and ordered it taken down. *Id.* at 9. Plaintiff requested Defendant Santoro to grant him

2  permission for displaying it as a reasonable religious accommodation. *Id.* Defendant Santoro

3  refused. *Id*. This occurred again on July 21, 2010 and April 11, 2011. *Id.*

4  On August 17, 2010, Plaintiff requested permission from Defendant Ibarra to place his

5  display as a necessary tenant of for his religion. *Id.* at 11. Defendant Ibarra removed Plaintiff's

6  television for sixty days. *Id.* Defendant Ibarra also goes into Plaintiff's cell and removes the

7  display of the Ten Commandments. *Id.*

8  Plaintiff believes that based on his faith it is wrong to exit his cell on the Sabbath for the

9  purposes of going to the prison kitchen to get his breakfast, eat it, and then pick up a lunch bag for

10 lunch. *Id.* at 11. Plaintiff also believes it is wrong to receive service from kitchen workers, cooks,

11 and correctional officers on the Sabbath. *Id.* Plaintiff thus made two requests: whenever possible,

12 he be issued his lunch bag on Friday evenings, and that an inmate kitchen worker bring his portion

13 of food to Plaintiff's cell on Sabbath. *Id.* Defendant Romanello denied the requests, interpreting

14 Plaintiff's religious scriptures and finding that walking to the kitchen is not working and that food

15 would spoil. Id. Defendant R. Gomez concurred. *Id*. Defendant Clark informed Plaintiff that his

16 meals would not be taken to him on Fridays or on Sabbath. *Id.* at 12-13. Defendant Grannis agreed

17 with this decision. *Id.* at 13. Plaintiff explained that his faith required him to not leave his cell to

18 go get food and bring it back. *Id.*

19 On June 19, June 26, and November 20 of 2004, which were Saturdays, a pastor came to

20 have group worship with Plaintiff. *Id.* at 14. Plaintiff was on the list for service. However, on both

21 dates Defendant Adams kept Plaintiff in his cell instead of allowing Plaintiff to participate with his

22 religious service. *Id.*

23 On each Sabbath from January through September 16 of 2006, a pastor came to have group

24 worship with Plaintiff. *Id.* Plaintiff was on the list for the services. *Id.* Defendants Baires and

25 Clark kept Plaintiff in his cell instead of allowing Plaintiff to participate in his religious service.

26 *Id.*

27

28                                                        5

1    In 2007, Defendant Clark secured the services of a Sunday group church leader. *Id.*

2    Plaintiff requested a Sabbath worship pastor repeatedly, but was denied. *Id.* Defendants Clark,

3    Baires, and Ybarra refused to allow Plaintiff to enter the facility chapel for worship each Sabbath

4    day in 2006. *Id.* Plaintiff was instead kept in his cell. *Id.* Defendants were aware that Plaintiff

5    observed Saturday as the Sabbath day. *Id.* Defendants Clark, Baires, and Ybarra deprived Plaintiff

6    of access to worship on Sabbath days in January to April 17 of 2007. *Id.* There is no other day for

7    Plaintiff to worship and rest from his own work. *Id.* Plaintiff's duty as a member of the Seventh

8    Day Adventist Church is to attend and participate in group religious worship. *Id.*

9    Plaintiff alleges a violation of the Free Exercise Clause of the First Amendment and

10    RLUIPA. Plaintiff requests injunctive relief, compensatory and punitive damages, and restoration

11    of Plaintiff's earliest possible release date.[2]

12    **IV.    DISCUSSION**

13        **A.    Statute of Limitations—Defendant Adams**

14            **1.    Statute of Limitations and Tolling**

15    Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues

16    when the plaintiff knows or should know of the injury that is the basis of the cause of action."

17    *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); *Maldonado v. Harris*,

18    370 F.3d 945, 955 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).  Because

19    section 1983 contains no specific statute of limitations, federal courts should apply the forum

20    state's statute of limitations for personal injury actions.  *Jones v. Blanas*, 393 F.3d 918, 927 (9th

21    Cir. 2004); *Maldonado*, 370 F.3d at 954; *Fink*, 192 F.3d at 914.  California's statute of limitations

22    for personal injury actions was extended to two years effective January 1, 2003.  Cal. Civ. Proc.

23    Code § 335.1; *Jones*, 393 F.3d at 927; *Maldonado*, 370 F.3d at 954-55.

24    In actions where the federal court borrows the state statute of limitations, courts should

25    also borrow all applicable provisions for tolling the limitations period found in state law.  *Jones*,

26    _____

[2]  The Court expresses no opinion as to whether Plaintiff's claims are affected by the favorable termination rule.
27    *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

28                                          6

393 F.3d at 927.  Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction  benefit from a two-year tolling provision for damages actions.  Cal. Civ. Proc. Code § 352.1.

In addition, California's equitable tolling doctrine "applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one."  *McDonald v. Antelope Valley Community College Dist.*, 45 Cal.4th 88, 100 (Cal. 2008) (citation and internal quotation marks omitted).  The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations - timely notice to the defendant of the plaintiff's claims - has been satisfied, *McDonald*, 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of administrative remedies equitably tolls the statute of limitations so long as there was timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff. *Id.* at 101-03.

### 2.  Findings

Plaintiff's claim against Defendant Adams accrued in 2004, when Adams allegedly kept Plaintiff in his cell and refused to let him attend religious services. (SAC; ECF No. 22 at 14.)  This action was filed approximately five years later, on September 9, 2010.  (Pl's Original Compl.; ECF No. 1.)  Even assuming Plaintiff qualifies for the two years of tolling of his claims due to his incarceration, the Court finds that Plaintiff failed to file this action prior to the two year statute of limitations period.  Cal. Civ. Proc. Code § 335.1; *Jones*, 393 F.3d at 927; *Maldonado*, 370 F.3d at 954-55.  Accordingly, the Court recommends that Defendants' Motion to Dismiss the claims against Defendant Adams, with prejudice, on statute of limitations grounds be granted.[3]

///

///

---

[3]  Plaintiff agrees in his Opposition to dismiss the claims against Defendant Adams, with prejudice.  (Pl's Opp.; ECF No. 67 at 6.)

7

**B.**     <u>**Failure to State a Claim**</u>

**1.**     **Prior Screening Order**

On March 19, 2012, this Court issued an order indicating that it had screened Plaintiff's SAC pursuant to 28 U.S.C. § 1915A and found that it stated a claim against 1) Defendants Williams, Manson, Lias, Gomez, Clark, Turner, Grannis, Santoro, and Ibarra for denial of Plaintiff's ability to place a copy of the Ten Commandments above his door in violation of the Free Exercise Clause of the First Amendment and RLUIPA; 2) Defendants Grannis, Romanello, R. Gomez, and Clark for not providing Plaintiff with the opportunity to bring extra to his cell before each Sabbath day, or not providing him food at his cell on each Sabbath day, in violation of the Free Exercise Clause of the First Amendment and RLUIPA; and 3) Defendant Adams, Baires, and Clark for refusing to allow Plaintiff to attend church worship services on Sabbath days in violation of the Free Exercise Clause of the First Amendment and RLUIPA. (ECF Nos. 22 & 23.) While the order finding a cognizable claim did not include a full analysis,[4] the Court conducted the same examination as it does in all screening orders.  In other words, the Court's conclusion was based upon the same legal standards as this 12(b)(6) motion.  Insofar as Defendants argue that Plaintiff's claim should be dismissed for failure to state a claim, he wholly fails to acknowledge the Court's prior finding.  28 U.S.C. § 1915A; *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

A screening order may not be ignored or disregarded.  *Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005).  To the contrary, the existence of a screening order which utilized the same legal standard upon which a subsequent motion to dismiss relies necessarily implicates the law of the case doctrine.  As a result, the moving party is expected to articulate the grounds for the 12(b)(6) motion in light of a screening order finding the complaint stated a claim.  *Ingle*, 408 F.3d at 594; *Thomas v. Hickman*, 2008 WL 2233566, *2-3 (E.D. Cal. 2008).

---

[4] Generally, the Court provides a fully reasoned analysis only where it must explain why the complaint *does not* state at least one claim.  In cases where the complaint states only cognizable claims against all named defendants, the Court will issue a shorter screening order notifying plaintiff that his complaint states a claim and that he must submit service documents.

8

In this regard, this Court recently explained:

> If the defendants in a case which has been screened believe there is a good faith basis for revisiting a prior determination made in a screening order, they must identify the basis for their motion, be it error, an intervening change in the law, or some other recognized exception to the law of the case doctrine. *Ingle*, 408 F.3d at 594 ("A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result."). The duty of good faith and candor requires as much, and frivolous motions which serve only to unnecessarily multiply the proceedings may subject the moving parties to sanctions. *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1119 (9th Cir. 2000). Parties are not entitled to a gratuitous second bite at the apple at the expense of judicial resources and in disregard of court orders. *Ingle*, 408 F.3d at 594 (The law of the case "doctrine has developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.") (internal quotation marks and citation omitted); *Thomas*, 2008 WL 2233566, at *3 (for important policy reasons, the law of the case doctrine disallows parties from a second bite at the apple).

*Chavez v. Yates*, No. 1:09-cv-01080-AWI-SKO (PC) (E.D. Cal. Oct. 3, 2013) (ECF No. 41).

Here, rather than move forward with this action based upon the Court's findings in the screening order, Defendants now move to dismiss the claims based on the argument that Plaintiff's SAC does not demonstrate the required elements of the claims that the Court previously found cognizable.

### 2. Analysis

#### a. First Amendment—Free Exercise

"The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (citing *O'Lone v. Shabazz*, 482 U.S. 342 (1987)); *see Bell v. Wolfish*, 441 U.S. 520, 545 (1979). Beliefs which are both sincerely held and rooted in

1 religious beliefs trigger the Free Exercise Clause if such beliefs are burdened. *Shakur v. Schriro*,

2 514 F.3d 878, 884-85 (9th Cir. 2008) (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994));

3 *Callahan v. Woods*, 658 F. 2d 679, 683 (9th Cir. 1981)).

4    Under this standard, "when a prison regulation impinges on inmates' constitutional rights,

5 the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v.*

6 *Safley*, 482 U.S. 78, 89 (1987); *see O'Lone*, 482 U.S. at 349 (applying *Turner* to Free Exercise

7 claims). First, "there must be a valid, rational connection between the prison regulation and the

8 legitimate government interest put forward to justify it," and "the governmental objective must

9 itself be a legitimate and neutral one." *Turner*, 482 U.S. at 89. A second consideration is "whether

10 there are alternative means of exercising the right that remain open to prison inmates." *Id.* at 90

11 (internal quotations and citation omitted). A third consideration is "the impact accommodation of

12 the asserted right will have on guards and other inmates, and on the allocation of prison resources

13 generally." *Id.* "Finally, the absence of ready alternatives is evidence of the reasonableness of a

14 prison regulation." *Id.*

15    Defendants argue that the allegations related to the posting of the Ten Commandments as

16 to Defendants Lais, Gomez, Clark, Turner, and Grannis and the allegations related to the provision

17 of food for the Sabbath as to Defendants Gomez, Clark, and Grannis lack specificity lack

18 specificity and should be dismissed under Rule 8, FRCP.   (Defs' MTD; ECF No. 59 at 5.)

19 Defendants further argue that the Free Exercise claim fails because there has been no substantial

20 burden on Plaintiff's ability to practice his religion. However, the Court is unpersuaded by

21 Defendants' argument and stands by its original screening order.  At this stage, Defendants have

22 not shown that the screening order was clearly erroneous so as to avoid application of the law of

23 the case doctrine.  Based on the allegations above, Plaintiff has set forth a plausible claim for relief

24 under the applicable screening standards.  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Wilhelm v.*

25 *Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)

26 (prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally

27

28

construed and to have any doubt resolved in their favor).  Accordingly, the Court recommends denying Defendants' Motion to Dismiss on the basis of Plaintiff's failure to state a First Amendment claim.

### 2.   **RLUIPA**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. "RLUIPA defines 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" *Greene v. Solano County Jail*, 513 F.3d 982, 986 (9th Cir. 2008) (quoting 42 U.S.C. § 2000cc-5(7)(A)). Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. *Warsoldier v. Woodford*, 418 F.3d 989, 994-95 (9th Cir. 2005). "A 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *Id.* at 995 (citing *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)). If the plaintiff meets his burden, defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest." *Id.* (emphasis in original). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." *Id.*

Defendants argue in their Motion to Dismiss that Plaintiff cannot maintain a cause of action against prison officials in their individual capacities under RLUIPA.  (Defs' MTD; ECF No. 59 at 5.)  The Ninth Circuit has not yet ruled on the issue and Defendants cite to nonbinding authority in favor or their position.  However, the Court is unpersuaded by Defendants argument and stands by its original screening order.  At this stage, Defendants have not shown that the screening order was clearly erroneous so as to avoid application of the law of the case doctrine.

1    Based on the allegations above, Plaintiff has set forth a plausible claim for relief under the

2    applicable screening standards.  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Wilhelm v. Rotman*, 680

3    F.3d 1113, 1121 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (prisoners

4    proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and

5    to have any doubt resolved in their favor).  Although Defendants properly argue that Plaintiff may

6    not claim money damages against the Defendants for violation of RLUIPA, Plaintiff's claims

7    proceed only for injunctive relief to provide the religion accommodations Plaintiff seeks.

8    Accordingly, the Court recommends denying Defendants' Motion to Dismiss on the basis of

9    Plaintiff's failure to state a RLUIPA claim.

10   **V.      CONCLUSION AND RECOMMENDATION**

11          Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' Motion to

12   Dismiss, filed on October 22, 2013, be DENIED in part and GRANTED in part as follows:

13          1.      Defendants' Motion to Dismiss claims against Defendant Adams based on

14   Plaintiff's failure to comply with the statute of limitations be GRANTED; and

15          2.      Defendants' Motion to Dismiss based on Plaintiff's failure to state a claim be

16   DENIED.

17          These Findings and Recommendations will be submitted to the United States District

18   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

19   **thirty (30) days** after being served with these Findings and Recommendations, the parties may

20   file written objections with the Court.  Local Rule 304(b).  The document should be captioned

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27

28                                            12

1  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

2  failure to file objections within the specified time may waive the right to appeal the District

3  Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

4

5  IT IS SO ORDERED.

6      Dated:   **May 22, 2014**                          /s/ *Dennis L. Beck*

7                                                UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                  13