1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

GREGORIO FUNTANILLA, JR.,

       Plaintiff,

      v.

ROMAN R. WILLIAMS, et al.,

      Defendants.

_____/

Case No.  1:10-cv-01624-LJO-DLB PC

ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS RECOMMENDING
DEFENDANTS' MOTION TO DISMISS BE
GRANTED IN PART AND DENIED IN
PART

(ECF Nos. 59 & 72)

**I.      Procedural History**

Plaintiff Gregorio Funtanilla, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 9, 2010.   This action is proceeding on Plaintiff's Second Amended Complaint ("SAC"), filed on December 7, 2011, against 1) Defendants Williams, Manson, Lias, Gomez, Clark, Turner, Grannis, Santoro, and Ibarra for denial of Plaintiff's ability to place a copy of the Ten Commandments above his door in violation of the Free Exercise Clause of the First Amendment and RLUIPA; 2) Defendants Grannis, Romanello, R. Gomez, and Clark for not providing Plaintiff with the opportunity to bring extra to his cell before each Sabbath day, or not providing him food at his cell on each Sabbath day, in violation of the Free Exercise Clause of the First Amendment and RLUIPA; and 3) Defendant Adams, Baires, and Clark for refusing to allow Plaintiff to attend church worship services on

1  Sabbath days in violation of the Free Exercise Clause of the First Amendment and RLUIPA. (ECF

2  Nos. 22 & 23.)

3          Pending before the Court is Defendant K. Turner's, M. Baires', K. Clark's, D. Ibarra's, O.

4  Ybarra's, J. Lais', Adams', Grannis' and Santoro's ("Defendants") Motion to Dismiss, filed

5  pursuant to Federal Rule of Civil Procedure 12(b)(6) on October 22, 2013.  On May 23, 2014, the

6  Court issued a findings and recommendations recommending granting Defendants' motion in part

7  and denying in part.  (ECF No. 62.)  Defendants filed objections on June 24, 2014.  (ECF No. 73.)

8  **II.     Discussion**

9          **A.     Defendant Ybarra**

10         In their objections, Defendants first request clarification on the status of Defendant Ybarra.

11 Defendants note that Defendant Ybarra does not appear in the factual allegations section of

12 Plaintiff's Second Amended Complaint, but his name is listed in the Eighth Claim for Relief.

13 (ECF No. 22 at 16.)  In the screening order on the Second Amended Complaint, the Court states

14 that there is a cognizable RLUIPA claim against Defendant Ybarra, but then does not list Ybarra

15 in the conclusion. (Compare ECF No. 23 at 7:21-23 with 8:17-19.)  Defendants argue that

16 Defendant Ybarra's inclusion in the service order may have been an oversight and request that he be

17 formally dismissed from this lawsuit.

18

19         Upon further review, it appears that Defendant Ybarra was properly served in this action and

20 should not be dismissed.  The confusion arises from the similarity of spelling in two defendants'

21 names, Defendant D. Ibarra and Defendant OA Ybarra.  Although Defendants correctly note that

22 Defendant Ybarra does not specifically appear in the factual allegations of the Second Amended

23 Complaint, it appears to the Court that Plaintiff made a spelling error in the factual allegations related

24

25

26

27

28                                                  2

to Defendant Ybarra.[1] The Court arrives at this conclusion based on Plaintiff mentioning Defendant Ybarra two separate times in the complaint, including the specific Eighth Claim for Relief, as well as Plaintiff separately serving both Defendants Ibarra and Ybarra. (*See* ECF Nos. 22, 28, 29.)  The Court liberally construes Plaintiff's complaint and finds that Defendant Ybarra should not be dismissed from this action.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor).

**B.     RLUIPA Claims**

Defendants secondly request clarification on the RLUIPA claims based on a recent change in the law. On June 3, 2014, the Ninth Circuit held that individuals cannot be liable for money damages under RLUIPA. *See Wood v. Yordy*, ___ F.3d ___, 2014 WL 2462575, at *4 (9th Cir. 2014).  The Court previously recommended in the findings and recommendations that "Plaintiff's claims proceed only for injunctive relief to provide the religion accommodations Plaintiff seeks." (ECF No. 72 at 12.)  The Court now clarifies that in regards to the RLUIPA claims, Defendants are being sued in their official capacity for prospective injunctive relief only, and thus have no liability for money damages on these claims.

Accordingly, it is HEREBY ORDERED that:

1.        The Court modifies the findings and recommendations, filed on May 23, 2014, as detailed above; and

///

///

///

---

[1] Plaintiff's Second Amended Complaint refers instead to a "Defendant Ibarra" in relation the 2006 claims.  ECF No. 22 at 14.)

3

2.      Defendant Adams be dismissed from this action for Plaintiff's failure to comply with the statute of limitations.

IT IS SO ORDERED.

Dated:   **August 11, 2014**                                **/s/ Lawrence J. O'Neill**
                                                        UNITED STATES DISTRICT JUDGE

4