# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO FUNTANILLA, JR.,<br><br>  Plaintiff,<br><br>  v.<br><br>ROMAN W. WILLIAMS, et al.,<br><br>  Defendants. | Case No. 1:10-cv-01624 LJO DLB PC<br><br>ORDER REGARDING ORDER TO SHOW CAUSE AND PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE<br>[ECF Nos. 82, 86]<br><br>THIRTY DAY DEADLINE |

Plaintiff Gregorio Funtanilla, Jr., ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on September 9, 2010.

On August 27, 2014, the Court issued a Discovery and Scheduling Order. Among other things, the order required Plaintiff and Defendants to provide initial disclosures on or before October 13, 2014. On October 13, 2014, Defendants provided Plaintiff with their initial disclosures and filed Defendants' Statement of Initial Disclosures. On November 25, 2014, Defendants moved to modify the scheduling order because Plaintiff had failed to provide Defendants with his initial disclosures. On December 9, 2014, the Court issued an order directing Plaintiff to show cause why the action should not be dismissed for failure to comply with a court order. In addition, Defendant's motion to modify the scheduling order was granted. On January 16, 2015, the Court issued a Findings and Recommendation that recommended the action be dismissed.

On January 30, 2015, Plaintiff responded to the Court's order to show cause.  Plaintiff states he was unaware that dismissal could result from failure to meet the October 13, 2014, deadline.  Plaintiff should be aware that he must comply with all deadlines set by the Court regardless of any specific forewarning, and failure to do so may result in sanctions including dismissal.  Plaintiff further states that his legal papers for this action are stored at the prison storage area, and it takes great effort to obtain them.  He states he was unable to do so within the 50 days provided.  This does not excuse a failure to comply with a court-ordered deadline.  If Plaintiff foresees that he cannot comply within the time allotted, he must alert the Court, request an extension of time, and provide good cause.  To simply let a deadline pass without communication to the Court is inexcusable.  Finally, Plaintiff states he has nothing to disclose.  He states that he has read Defendants' disclosures, that Defendants already have copies of the complaint and his motions along with exhibits, and that he has nothing to add.  This is not what the Court ordered.  Plaintiff is directed to the Discovery and Scheduling Order issued by the Court on August 27, 2014.  Under Section I Part A, entitled "Plaintiff's Disclosures," Plaintiff is instructed as follows:

> Plaintiff shall provide Defendant with the name and, if known, the location or other identifying information (such as inmate number, job classification or assignment) of each individual likely to have information about the events described in his complaint or his claims of injury or damage. In addition, Plaintiff shall describe, generally, the information each individual so identified is believed to possess.
>
> Plaintiff shall also provide copies of, or a list describing (by category and location), all documents or other tangible things in his possession, custody or control[1] which he may use to support the allegation(s) in his complaint, or his claims of injury or damage.
>
> FN1. Property is deemed within a party's possession, custody or control if the party has actual possession, custody or control thereof, or the legal right to obtain the property on demand. Allen v. Woodford, 2007 WL 309945, *2 (E.D. Cal. 2007).

The Court's order requires Plaintiff to provide this information and these documents to Defendants, regardless of what Plaintiff believes Defendants may already have or what Defendants themselves have disclosed.  Plaintiff has not done so.  Therefore, Plaintiff has failed to comply with the Court's order.  Plaintiff will be granted one final opportunity to comply.  Plaintiff will be provided thirty (30) days to submit his initial disclosures to Defendants.  Within thirty (30) days,

1  Plaintiff must file a Statement Confirming Initial Disclosures with the Court confirming that he
2  provided his initial disclosures to Defendants.  Failure to do so will result in dismissal of the case.
3
4  IT IS SO ORDERED.
5    Dated:   **April 27, 2015**                                     /s/ Dennis L. Beck
6                                                                     UNITED STATES MAGISTRATE JUDGE